United States District Court
Southern District of Texas
**ENTERED**
December 19, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LISA CURRY, § § Plaintiff, § § VS. § THE LUBRIZOL CORPORATION, *et al.*, § § Defendants. § § § | CIVIL ACTION NO. 4:22-CV-03735 |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Pending before the Court are the plaintiffs', Lisa Curry and Brian Pitts, motions to remand pursuant to 28 U.S.C.A. § 1447(c) (Dkt. Nos. 5 & 13). The defendants, The Lubrizol Corporation, et al., have filed responses to the plaintiffs' motions (Dkt. Nos. 7 & 14). After reviewing the motions, the responses, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the plaintiffs' motions should be **GRANTED**.

### II.  FACTUAL BACKGROUND

The Lubrizol Corporation ("Lubrizol") is a chemical company based in Ohio with Ohio citizenship. On August 15, 2021, a chemical leak occurred at one of its facilities in Deer Park, Texas when a chemical-filled railcar overheated, causing a valve to rupture. Lubrizol employees Melvin Drumm and Blake Toler, who are Texas citizens, were the operators involved in the overheating event.

Lisa Curry is a Texas citizen. On the day of the leak, she was making a delivery to the Lubrizol Deer Park facility as a HAZMAT tanker truck driver. When she arrived, Ms. Curry was instructed to park several yards away from the recently ruptured rail car and wait for a few

moments. Before long, Ms. Curry noticed a strong chemical odor that soon caused her eyes to water and elicited a coughing fit. She noticed a fog of gas surrounding her truck before a Lubrizol operator evacuated her to a security guard shack. Ms. Curry and her companions in the shack moved from one shack to another as the fumes contaminated each shack. As a result of the exposure, she suffered lasting physical injuries from the fumes.

Brian Pitts is also a Texas citizen. He was working as an independent contractor at the Deer Park Lubrizol facility on the day of the leak. Like Ms. Curry, Mr. Pitts has suffered lasting physical injuries from the fumes.

Mr. Pitts and Ms. Curry each separately sued the defendants in state court on September 12, 2022. The defendants filed notices of removal to this Court, which consolidated the cases based on the cases' common questions of law and fact and their identical pleadings and motions.

### III.  CONTENTIONS OF THE PARTIES

The defendants contend that this case belongs in federal court because it is subject to this Court's diversity jurisdiction. They argue that the employee-defendants were improperly joined because there is no reasonable possibility that the plaintiffs would be able to recover against them in state court. Therefore, the employee-defendants do not destroy this Court's diversity jurisdiction.

The defendants also argue that this case is controlled by *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996) and *Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005). In those cases, the Texas Supreme Court held that an individual employee cannot be held liable for acts committed within the scope of his employment unless he owes the plaintiff an independent duty of care apart from his employer's duty. *Leitch*, 935 S.W.2d at 117; *Tri*, 162 S.W.3d at 562. These cases create two problems for the plaintiffs: first, the plaintiffs have not alleged that the employee-defendants owed

them an independent duty of care; and second, the employee-defendants' alleged personal involvement in the negligent acts does not impose an independent duty after *Leitch*. Additionally, the plaintiffs have insufficiently specified which defendants committed which tortious acts, resulting in a vague "shotgun pleading." Finally, the defendants point out that the plaintiffs' allegation that Lubrizol is strictly liable for "abnormally dangerous" activities implicitly admits that Lubrizol's duty was non-delegable, since employers cannot delegate duties involving abnormally dangerous activities.

The plaintiffs maintain that this Court has no jurisdiction over this case and should remand it to state court. Because the employee-defendants were properly joined, the elements of diversity jurisdiction upon which removal was based are not satisfied. The plaintiffs claim that they have stated a reasonable basis of recovering against the defendants in state court because: 1) the employee-defendants owed an independent duty to the plaintiffs to exercise reasonable care by virtue of their directly participating in the conduct that caused the plaintiffs' injuries; 2) the evidence shows that the employee-defendants negligently breached this duty; and 3) the employee-defendants' negligence was the proximate cause of the plaintiffs' injuries. As for *Leitch*, nothing in that case insulates employees from negligence liability when the employee is an active participant in the negligent activity.

Finally, the parties disagree as to which pleading standard governs the improper joinder analysis. The defendants argue for the federal pleading standard, while the plaintiffs maintain that Texas' more lenient "fair notice" pleading standard applies.

## IV.  STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The basic statutory grants of federal-court subject-matter

jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). The basis for removal in this case is diversity jurisdiction, which is governed by 28 U.S.C. § 1332. § 1332 requires complete diversity between all plaintiffs and all defendants, which means that all parties on one side of the controversy must be citizens of different states than all parties on the other side. 28 U.S.C.A. § 1332(a)(1); *Vaillancourt v. PNC Bank, Nat. Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014). Accordingly, removal based upon purported diversity of citizenship fails if any of the parties properly joined and served as defendants is a citizen of the state in which the action was brought. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing 28 U.S.C. § 1441(a)).

Improper joinder is one exception to the rule of complete diversity. If a party seeking removal can show that the non-diverse parties destroying complete diversity were improperly joined, the court retains its diversity jurisdiction. However, the defendant faces a "heavy burden of demonstrating improper joinder." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). Indeed, courts operate with a presumption against federal jurisdiction. "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); "[R]emoval statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

To show that a party is improperly joined, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir.2004) (en banc) (citing *Travis v. Irby,* 326 F.3d 644, 646–47 (5th Cir.2003)). This case involves the latter route. Under this method, the defendant must demonstrate

that there is no reasonable basis that the plaintiff might recover against the nondiverse defendants. *Id*. at 573 ("A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder."). To determine whether this basis exists, "[t]he court may conduct a Rule 12(b)(6)–type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. When conducting its analysis, the court must focus on the joinder rather than the merits of the plaintiffs' case. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir.2005).

The Court determines that the federal pleading standard is the proper one for this analysis. The Fifth Circuit has spoken clearly. Reiterating *Smallwood'*s Rule 12(b)(6)-type analysis for improper joinder, it held that "[i]t is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard articulated in *Bell Atlantic Corp. v. Twombly*." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). The test for improper joinder, therefore, is whether the plaintiffs have pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

## V.     ANALYSIS & DISCUSSION

The general rule in Texas is that "a corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984). However, an employee is liable for actions undertaken during the scope of his employment only if he owes the plaintiff an independent duty of care apart from his employer's duty. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). To illustrate this point, the *Leitch* court explained that an employee who negligently causes an automobile accident during the scope of his employment may be individually liable, "[b]ecause the agent owes a duty

of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer." *Id*.

The primary question, therefore, is whether the plaintiffs have sufficiently pled that the employee-defendants owed and breached an independent duty of care to them. "The existence of a legal duty is a question of law for the court to decide, and that determination is made 'from the facts surrounding the occurrence in question.'" *Tri v. J.T.T.*, 162 S.W.3d 552, 563 (Tex. 2005) (quoting *Bird v. W.C.W.*, 868 S.W.2d 767, 769 (Tex. 1994)). The plaintiffs' original petitions identify the employee-defendants by name—Melvin Drumm and Blake Toler—as the employees who heated the railcar from which the chemical leak emanated. The next sentence of the petitions allege that the "[d]efendants negligently overheated the rail car causing its valve to rupture." Given that the employee-defendants are named as the employees who heated the car followed by the sentence alleging that the defendants overheated the car, the defendants' argument that the plaintiffs have submitted a vague and impermissible "shotgun pleading" fails.

Moreover, the plaintiffs' argument that the employee-defendants were personally and directly involved in the conduct that harmed the plaintiffs indicates the existence of an independent duty. They cite several cases from federal district courts in Texas that have applied the "personal involvement" test and distinguished it from *Leitch*; for example: ["Nothing in *Leitch* suggests that the court intended to alter the general rule that a company employee is personally liable for tortious conduct in which she participates during the course and scope of her employment, provided she owes a legal duty to the person who brings the claim against her." *Alexander v. Lincare Inc.*, No. CIV A 3:07-CV-1137-D, 2007 WL 4178592, at *3 (N.D. Tex. Nov. 27, 2007); "[Leitch] do[es] not insulate employees who are active participants in the events that are the basis of Plaintiff's claims." *Gonzalez v. Wal-Mart Stores Texas, LLC*, No. 2:13-CV-65, 2013 WL 1827924, at *1

(S.D. Tex. Apr. 30, 2013); "If the corporate employee is only indirectly involved in the alleged negligence, then the Court will not impose an individual duty on the employee, however if the involvement is directly related to the alleged negligence, a question of fact exists as to whether the corporate employee owes an individual duty to a plaintiff." *Garrison v. The Sherwin-Williams Co.*, No. 4:10CV128, 2010 WL 2573973, at *5 (E.D. Tex. June 1, 2010), *report and recommendation adopted*, No. 4:10CV128, 2010 WL 2573963 (E.D. Tex. June 22, 2010); *Guzman v. Cordero*, 481 F. Supp. 2d 787, 790 (W.D. Tex. 2007) (remanding the case to state court in an improper joinder analysis where the employee "was directly and personally involved in conduct that allegedly caused Plaintiff's injuries.").]. The Court follows this line of cases.

Assuming that the personal involvement test is appropriate, the plaintiffs have pled sufficient plausible facts that the employee-defendants owed and breached an independent duty to the plaintiffs. The plaintiffs allege that the employee-defendants were personally involved in heating the railcar, and that overheating the railcar is the negligent conduct that caused their injuries

The Court is mindful that it "must resolve all ambiguities in the controlling state law in the plaintiff's favor." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). However, it is not fully clear that the facts alleged here are sufficiently similar to *Leitch* to warrant imposing an independent duty on the employee-defendants. Nevertheless, use of the personal involvement test by other courts indicates it is at least a reasonable test for this analysis. Given the absence of a binding authority's rejection of the personal involvement test, the test's numerous applications by other courts for more than 15 years, and the Court's mandate to resolve ambiguities in the plaintiffs' favor, the Court cannot say that the defendants' argument regarding the employee-

defendants' independent duty carries its "heavy burden" to show that the plaintiffs have no reasonable basis for recovery.

Finally, the defendants' argument regarding strict liability also fails. The defendants assert that by alleging that Lubrizol is strictly liable for "abnormally dangerous" activities, the plaintiffs implicitly admit that Lubrizol's duty was non-delegable, since employers cannot delegate duties involving abnormally dangerous activities. First, the cases cited by the plaintiffs do not support this proposition. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 652 (Tex. 2007), which the plaintiffs cite, explicitly says that "Texas courts have found very few activities so inherently dangerous as to impose a nondelegable duty," and held that the activity at issue did not create a nondelegable duty in the absence of a statute to that effect. Second, the delegation or nondelegation of a duty is inapposite where the question is whether the employee-defendants had an *independent* duty apart from any duty their employer owes the plaintiff. Therefore, the defendants have not carried their heavy burden to show that joinder of the employee-defendants was improper.

## VI. CONCLUSION

Accordingly, the Court concludes that the defendant's removal was improper. Consequently, the plaintiff's motion to remand is **GRANTED**. This civil action is hereby **REMANDED**, pursuant to 28 U.S.C. § 1447(c), to the 234th Judicial District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2022-57957.

It is so **ORDERED**.

SIGNED on December 19, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge